**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Darryl Waldrep, | No. CV-17-04609-PHX-DWL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On May 23, 2019, Petitioner filed a motion for release pending final review of his habeas petition. (Doc. 41.) On July 8, 2019, the Court issued an order denying this motion. (Doc. 44.) Specifically, the Court (1) noted that it is unclear whether district courts even possess authority to issue release orders in this circumstance, (2) further noted that, even assuming such authority exists, it may be exercised only in "extraordinary cases involving special circumstances or a high probability of success," and (3) concluded that Petitioner hadn't satisfied this high standard in part because "the Arizona State Court of Appeals addressed many of the same claims Petitioner raises in his pending habeas petition but found no abuse of discretion." (*Id.* at 2-5, citing *In re Roe*, 257 F.3d 1077 (9th Cir. 2001), and *United States v. McCandless*, 841 F.3d 819 (9th Cir. 2016).)

Now pending before the Court are three motions that were filed by Petitioner following the issuance of the July 8, 2019 order: (1) a "motion for reconsideration . . . by Chief Justice of Court" (Doc. 45); (2) a "motion for change of district judge by Chief Justice" (Doc. 46); and (3) a "motion to vacate judgment with prejudice; usurpation; lack

of subject matter jurisdiction" (Doc. 47). As explained below, each motion will be denied.

In his first motion, Petitioner expresses disagreement with the denial of his motion for release and purports to "appeal[] the denied Motions . . . dated July 8, 2019 by Judge Lanza" to the chief judge of the District Court. (Doc. 45 at 1.) Among other things, he argues that he will ultimately prevail in this case for the same reasons that another petitioner prevailed in a different Arizona habeas case, *May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017). (Doc. 45 at 2.) He concludes with the following: "I pray for the Chief Justice for U.S. District Court for Arizona to grant my de novo review . . . . (*Id.* at 6.)

These arguments lack merit. A litigant who is unhappy with a district judge's ruling cannot seek to "appeal" that ruling to another district judge. *Shuper v. Cady*, 2014 WL 6893880, *1 (D. Maine 2014) ("To the extent that Plaintiff Shuper is appealing the Court's [earlier] Order to the Chief Judge, there is no such right to appeal to the Chief Judge, and it is therefore DENIED.").

In his second motion, Petitioner asks for his case to be reassigned to a different judge "due to bias." (Doc. 46 at 1.) Specifically, Petitioner states that "I demand to have an unbiased, constitutional judge to protect my rights during habeas process" and "[i]f a judge would just take 30 minutes to examine or review my petition, I would be granted my requested relief and released with prejudice forthwith (*May v. Ryan supra*)." (Doc. 46 at 2.)

These arguments are unavailing. "[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quotation omitted). The Supreme Court has specifically noted that "judicial rulings almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, the mere fact this Court has denied some of Petitioner's motions does not demonstrate that the Court's impartiality may reasonably be questioned. *Cf. Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of

1  a judge nor his participation in a related or prior proceeding is sufficient" to require recusal).[1]

In his third motion, Petitioner asks the chief judge of the District Court to vacate the underlying state-court judgment that is the subject of his pending habeas petition. (Doc. 47.) This motion fails for the same reason as his other motions.

Accordingly, **IT IS ORDERED** that:

(1) The reference to the Magistrate Judge is withdrawn as to Petitioner's "motion for reconsideration" (Doc. 45) and the motion is **denied**;

(2) The reference to the Magistrate Judge is withdrawn as to Petitioner's "motion for change of district judge by Chief Justice" (Doc. 46) and the motion is **denied**; and

(3) Petitioner's "motion to vacate judgment with prejudice; usurpation; lack of subject matter jurisdiction" (Doc. 47) is **denied**.

Dated this 1st day of August, 2019.

_____
Dominic W. Lanza
United States District Judge

---

[1] The Court further notes that Petitioner's "bias" claim seems to be premised on the notion that he is obviously entitled to relief under *May v. Ryan* and any judge who fails to recognize this must be biased. In advancing this argument, Petitioner appears to be unaware that the district court's 2017 decision in *May v. Ryan* was recently vacated in relevant part by the Ninth Circuit. *May v. Ryan*, 766 Fed. App'x 505, 506-07 (9th Cir. 2019) ("Given the long-standing status of the law in Arizona that the State is not required to prove sexual intent to successfully prosecute a defendant for child molestation, . . . we cannot conclude that trial counsel's failure to object to the constitutionality of the statute placing the burden of proving lack of intent on the defendant fell 'below an objective standard of reasonableness.' The district court erred in holding otherwise. Because we do not reach the constitutionality of the Arizona child molestation statute, we vacate the district court's judgment in that respect.") (citation omitted).